**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10015 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00923-CKJ-1 |
| v. | |
| JUVENILE MALE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted January 10, 2011
San Francisco, California

Before:  HUG, SCHROEDER, and RAWLINSON, Circuit Judges.

Appellant L.F. challenges the district court's disposition for L.F.'s violation

of his probation.  L.F. contends that the district court abused its discretion in

ordering L.F. to continue his probation for a period of twelve to eighteen months at

a Montana treatment center located 1,200 miles from his home and family.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court did not abuse its discretion, as it properly weighed the requisite factors in deciding that L.F.'s rehabilitative needs could not be served by placement in local treatment programs. The district court extensively considered L.F.'s separation from his family and the psychological evaluation in the record. In sum, the district court "provide[d] a reasoned basis for why it . . . rejected less restrictive interventions." *United States v. Juvenile Male*, 347 F.3d 778, 788 (9th Cir. 2003) (citations omitted).[1]

The district court's continuation of L.F.'s probation for sixty months comported with the Federal Juvenile Delinquency Act's requirements. *See id.* at 784. L.F. was not entitled to any credit for his pretrial detention relative to his probation, as he was not sentenced to imprisonment. *See United States v. Sullivan*, 504 F.3d 969, 971 (9th Cir. 2007) (observing that "detention at a community treatment center, where the defendant is not subject to the control of the Bureau of Prisons, is not imprisonment") (citation and internal quotation marks omitted).

---

[1] We deny Appellee's January 6, 2011, Emergency Motion Under Ninth Circuit Rule 27-3: To Vacate Oral Argument Scheduled For January 10, 2011, Because Case Has Become Moot. Because L.F.'s probation was continued for sixty months and the district court has not determined that L.F. has completed the treatment program, this appeal is not moot as we can "grant . . . effectual relief . . . in favor of the appellant." *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) (citation omitted).

Because the district court retained ultimate authority over L.F.'s sentence and the monitoring of L.F.'s rehabilitative progress, the district court did not impermissibly delegate authority to the probation officer and the treatment center's staff in determining L.F's compliance with the probation conditions. *See United States v. Stephens*, 424 F.3d 876, 882 (9th Cir. 2005); *see also United States v. Rearden*, 349 F.3d 608, 619 (9th Cir. 2003).

**AFFIRMED.**